JUSTICE McKINNON,
concurring.
¶27 These proceedings are controlled by our decision in West. In my *328 opinion, however, West fails to adequately account for the obligations and responsibilities of a probationer; particularly, the requirement fundamental to conditional release that a probationer report to his or her probation officer. Probation is a “conditional privilege previously granted by the State as a matter of grace.” State v. Maynard, 2010 MT 115, ¶ 28, 356 Mont. 333, 233 P.3d 331, quoting State v. Haagenson, 2010 MT 95, ¶ 17, 356 Mont. 177, 232 P.3d 367.
¶28 In West, the record established the defendant had been incarcerated and under State supervision during the entire period of time the arrest warrant remained outstanding. West, ¶ 7. Likely as a consequence, the Court’s enumeration of “factors” to be considered in assessing “unreasonable delay” focused on the State’s reasons for not bringing a probationer to court when the probationer was being held under state authority and unable to report. West, ¶¶ 34-35. Implicit to the West analysis was the fact that West was unable to comply with conditions of probation due to his incarceration in another Montana detention facility, thus implicating due process and fairness considerations and a demand that the State justify its actions. Arguably, West was not conditionally released when he was incarcerated during the time the warrant remained outstanding.
¶29 In contrast, when a probationer is released, even intermittently, and does not report and abide by the rules of probation, the State’s issuance of a probation-violation warrant should not shift the inquiry away from the probationer’s underlying obligation to report. To place the burden on the State to justify its failure to execute the arrest warrant not only distorts the fundamental nature and purpose of probation, but also relieves the probationer of her obligation to report. In my opinion, a straightforward application of the West factors, as the Dissent urges, fails to account for the circumstances present here—where there were intermittent periods while Koon was on parole and after she had completed her Colorado sentence when she could have addressed her reporting obligations, but nonetheless chose to disregard those obligations.
¶30 Although this Court stated in West that the prohibition against unreasonable delay “contemplates a case-by-case analysis, not hard- and-fast rules” the Court set forth “several factors,” precisely six, which “must [be] considered] in making a determination of reasonableness.” West, ¶¶ 33-34 (quotation omitted and emphasis added). Focusing on the State’s actions, the West factors are: (1) the length of delay between the State’s issuance and execution of the warrant; (2) the State’s diligence in attempting to serve the warrant; (3) the reasons for the *329 State’s delay in executing the warrant; (4) the conduct of the probationer in frustrating the State’s actions to execute the warrant; (5) whether the State knew of the probationer’s whereabouts; and (6) any prejudice to the probationer caused by the State’s delay in executing the warrant. West, ¶ 34. In my opinion, West is inadequate to address the present circumstances. Here, the focus should not be on the State’s actions where Koon had opportunities to report, was required by her conditions of probation to report, and failed to report. West falls short in its analysis by focusing the inquiry on the State’s actions, giving little regard to the underlying nature of a revocation proceeding and the fundamental requirement of the probationer’s obligation to report.
¶31 Pursuant to West, the risk of having a revocation proceeding dismissed for failing to timely execute an arrest warrant falls entirely on the State regardless of whether the probationer, who in the first instance has the obligation to report, was able to report. Here, Koon failed to report when she discharged her Colorado sentence in April 2013 and thereafter relocated to Montana. Koon, on numerous occasions, failed to keep her probation officer informed of her whereabouts. Koon was also released on parole intermittently and failed to report. The inquiry pursuant to West remains focused only on the State’s actions, without due consideration of the probationary context of the proceedings and the probationer’s obligation to report. The failure of a probationer to report when able to do so nowhere informs the West inquiry or is otherwise set forth as a factor to be considered.
¶32 It is well-established that a probationer has a due process guarantee protected by Article II, Section 17 of the Montana Constitution, which ensures that the execution of a probation-violation warrant occurs without unreasonable delay. West, ¶¶ 26-27. Despite its acknowledgment that due process is a “flexible” concept, West, ¶ 33, I am concerned that West has distorted the nature of a revocation proceeding and the State’s obligations. In the context of a probationer who had the ability to report but chose not to do so, West’s six-factor test is inadequate to address the question of whether there has been “unreasonable delay” in executing a warrant. While the West factors may inform the inquiry when a probationer is incarcerated for the entire period the warrant remains outstanding, West fails to adequately articulate considerations which pertain to the underlying nature of a revocation proceeding and which also consider the probationer’s obligation to report.
¶33 I would revisit West and its underlying analysis. I otherwise *330 concur in the result reached by the Court.